**Mart DEVINE, Appellant,**

v.

**DALLAS COUNTY, Appellee.**

No. 05–03–00189–CV.

Court of Appeals of Texas, Dallas.

March 29, 2004.

Kenny R. Kirby, Attorney At Law, Irving, for Appellant.

Jana Marie Prigmore, District Attorney's Office, Dallas, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Mart Devine, a sergeant with the Dallas County Sheriff's Department, was demoted to detention service officer for sexually harassing a female employee. Devine filed a complaint with the Dallas County Sheriff's Department Civil Service Commission, which sustained the demotion. Devine then appealed to the district court, and again the Commission's action was affirmed. Devine now appeals the trial court's judgment affirming the Commission decision.

In five issues, Devine asserts (1) substantial evidence is not the appropriate standard of review, (2) he did not commit sexual harassment or violate county policy or state or federal law, (3) Dallas County violated his privacy rights by requiring him to take a polygraph and to provide Dallas County with the results of the test, (4) his punishment was excessive, and (5) the evidence was tainted by the polygraph evidence. We affirm.

■ When a party appeals the Commission's decision, the Commission is to file with the reviewing court the original or a certified copy of the entire record of the proceedings under review. TEX. LOCAL GOV'T CODE ANN. § 158.0122(a) (Vernon 1999); see also TEX. LOCAL GOV'T CODE ANN. § 158.0371 (Vernon 1999) (providing that procedures for review under section 158.037 for sheriff's department employees are same as provided in section 158.0122 for employees under County Civil Service System); Arreaga v. Bexar County Sheriff's Dep't, 90 S.W.3d 899, 901 (Tex.App.-San Antonio 2002, no pet.). The record is to then be filed with the clerk of the court. TEX. LOCAL GOV'T CODE ANN. § 158.0122(a). Although the Commission is obligated to send the record and the clerk of the court is obligated to file the record, the statute provides that the "party seeking judicial review shall offer, and the reviewing court shall admit, the commission record into evidence as an exhibit." TEX. LOCAL GOV'T CODE ANN. § 158.0122(c) (Vernon 1999).

Initially, we note that a copy of the commission proceeding is contained in the clerk's record. However, at no point did Devine offer the commission record into evidence as an exhibit at the December 17, 2002 bench trial, although the statute required as much and he had the burden to show the Commission's decision was not based on substantial evidence. See TEX. LOCAL GOV'T CODE ANN. § 158.037(b) (Vernon 1999). Under these circumstances, the trial court had no evidence before it and no basis to determine the Commission's decision was not supported by substantial evidence. Without a record, we cannot review Devine's complaints on appeal.

■ Even if we considered the copy contained in the clerk's record as evidence before the trial court, we would not reverse. In his first issue, Devine suggests this case is not governed by the substantial evidence rule apparently because he was required to take a polygraph that he contends was an invasion of his privacy. He argues the case is a "question of law." He does not articulate the particular question, and he cites just one case and provides no legal analysis for his contention. The statute mandates that an appeal is under the "substantial evidence rule[.]" See TEX. LOCAL GOV'T CODE ANN. § 158.037(b) (Vernon 1999). We resolve his first issue against him.

■ With respect to his remaining issues, appellant has failed to provide a single record citation in his brief, and some of the issues contain no citation to legal authority. We conclude these issues are inadequately briefed. See TEX.R.APP. P. 38.1

(providing that brief to this Court shall contain, among other things, concise, nonargumentative statement of facts of case, supported by record references, and clear and concise argument for contention made with appropriate citations to authorities and record); *McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied).

We affirm the trial court's order.