

NUMBER 13-11-088-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALBERT DE ASES JR.,                                                     Appellant,

v.

ARLENE DE ASES YZNAGA,                                            Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes**
**Memorandum Opinion by Justice Vela**

This is an appeal from a default judgment granted in favor of appellee, Arlene De

Ases Yznaga, in a suit to remove a cloud on title to property.  Appellant, Albert De Ases

Jr., appearing pro se both in the trial court and here, argues that the trial court erred in not granting his motion for new trial. He also urges that the trial court did not properly address his request for discovery, did not file findings of fact and conclusions of law after diligent requests, allowed "illegal" cross-examination, and refused to return out-of-pocket expenses of $450.00. We affirm.

## I. BACKGROUND

Yznaga filed a trespass to try title case to remove a cloud on the title to two lots for which she claimed ownership and sued for damages. The trial court entered final judgment on October 27, 2010, removing the cloud on the title to the subject property, and confirming title in Yznaga. De Ases did not appear at trial. On November 22, 2010, De Ases timely filed a motion for new trial. At the hearing, he did not contest that he had received notice of the trial setting. De Ases indicated that he did not appear because he thought the trial would be continued because he had filed a motion for continuance the day before trial that concerned previous discovery requests. The trial court inquired if he had a reason for not appearing at the trial, and he responded "well, my main reason was that I thought and Your Honor and the court that the court would address me because I filed it upstairs." The court then denied the motion for new trial, explaining that it had no basis upon which to grant it. De Ases filed a request for findings of fact and conclusions of law on March 23, 2011.

## II. STANDARD OF REVIEW

We review a trial court's decision to deny a motion for new trial under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

2

A trial court abuses its discretion when it acts "'without reference to any guiding rules or principles' or, stated another way, when the trial court acts in an arbitrary and unreasonable manner." *City of San Benito v. Rio Grande Valley Gas Co*., 109 S.W.3d 750, 757 (Tex. 2003) (*quoting Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985)). We may not substitute our own judgment for that of the trial court when reviewing matters committed to the trial court's discretion. *Bowie Mem'l Hosp. v. Wrigh*t, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam).

A trial court's decision to deny a motion for new trial will not be disturbed on appeal absent an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). However, a trial court abuses its discretion by failing to grant a new trial when all three *Craddock* requirements are met. *See id*. at 38–39; *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. 1939). Under the *Craddock* test*,* the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference, (2) there is a meritorious defense, and (3) granting a new trial will not operate to cause delay or injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. In this case, De Ases did not attempt to meet the *Craddock* test. Thus, we will attempt to review the issues he raised to determine if the trial court abused its discretion in denying his motion.

## III. ANALYSIS

By his first issue, De Ases argues that the trial court did not "properly address" his request to compel discovery. The trial court explained to De Ases that the mere filing of a document is not sufficient. A party must also request the matter to be heard. It was

3

undisputed that De Ases filed the document he complains about the day before trial. The motion for continuance was sworn, but he did not ask for a hearing. Although De Ases was not an attorney, he embarked on a case pro se and is held to the same standard. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). He was required to comply with all applicable laws and rules of procedure. *Id.* The trial court did not abuse its discretion in not granting the motion for new trial on that basis. We overrule issue one.

De Ases next complains of the trial court's failure to file findings of fact and conclusions of law. The record reflects that De Ases filed a request for findings of fact and conclusions of law on March 23, 2011, 147 days after judgment was entered on October 27, 2010. The rules of civil procedure require findings of fact and conclusions of law to be requested within twenty days after a judgment is signed. TEX. R. CIV. P. 296. Because De Ases's request was not timely, the trial court was not required to file them. *Williams v. Kaufman*, 275 S.W.3d 637, 642 (Tex. App.—Beaumont 2009, no pet.). We overrule issue two.

By issue three, appellant suggests that the trial court did not address De Ases's due process claim. While the brief is not clear what that claim entailed, the trial court asked De Ases at the hearing if there was any reason why he did not attend the trial after having been properly served. Clearly, the trial court was attempting to discern if De Ases could meet the first prong of *Craddock*. Because there was no proper reason offered for his absence and because he does not argue what exactly his due process claim might be, we cannot say his due process rights were violated. Issue three is overruled.

4

By his fifth issue, De Ases suggests that the trial court did not address the "illegal direct cross-examination" conducted by Yznaga's counsel. When the motion for new trial hearing commenced, counsel for Yznaga began to question De Ases about whether he had admitted to filing legal documents in the deed records concerning the wrong property. These questions were actually addressing the underlying case for which default judgment had been granted. De Ases objected, and that line of questioning ceased. Because no additional questions were asked, we cannot determine what appellant argues was an "illegal" examination. We overrule issue five.

Issue four reads as follows: "Did the District Court's presiding Judge properly answer any and all questions from Appellant concerning Court reports Report." We are unable to construe this issue's meaning. It was not supported by argument or authority. Appellate briefs must contain appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i). Bare assertions of error without proper citation to the record or to authority waive error. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing); *Devine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding that when a party fails to adequately brief a complaint, he waives the issue on appeal). The issue was inadequately briefed, and De Ases has waived error, if any. Thus, we overrule issue four.

Similarly, in De Ases's sixth issue, he requests the return of $450.00, which he claims was the amount of out-of pocket expenses he incurred. There was no evidence in the record, however, of such expenditure. Therefore, we are not persuaded by this

argument.   We overrule De Ases's sixth issue.

## IV. Conclusion

We affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
17th day of November, 2011.

6