**Affirm and Opinion Filed October 18, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01358-CV

**JUAN CRUZ, Appellant**
**V.**
**DEUTCHE BANK NATIONAL TRUST, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-04351-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Chief Justice Wright

Juan Cruz, a pro se litigant, files this appeal complaining of the trial court's final judgment in a forcible detainer action awarding possession of certain real property to Deutsche Bank National Trust. Cruz contends the trial court erred in granting possession of the property to Deutsche Bank because Deutsche Bank's forcible detainer action was based upon a wrongful foreclosure. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### BACKGROUND

On December 4, 2004, Maria Caballero and Juan Cruz executed a deed of trust with respect to certain real property located at 2609 Beau Drive, Mesquite, Texas (the Property), securing the repayment of a promissory note in the principal amount of $106,400 from Long

Beach Mortgage Company. The deed of trust provided that Long Beach Mortgage Company had the right to foreclose and sell the Property if Caballero and Cruz defaulted on the promissory note. The deed of trust stated:

> If the Property is sold pursuant to this paragraph 21 [acceleration; remedies], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

After an alleged default, Long Beach Mortgage Company foreclosed on the Property, conducted a foreclosure sale, and on July 1, 2014, sold the Property to Deutche Bank.[1] On July 18, 2014, Deutche Bank sent written notice of foreclosure and demand for possession to Caballero, Cruz, and all other occupants. On July 30, 2014, Deutche Bank filed a verified complaint for forcible detainer in the Justice of the Peace Court, Precinct 2, Position 1, Dallas County, Texas. The Justice of the Peace Court awarded possession of the Property to Deutsche Bank on August 8, 2014. Cruz filed a notice of appeal on August 12, 2014.

The forcible detainer appeal was tried on October 17, 2014. Juan Cruz appeared pro se; Maria Caballero did not appear at all. According to the reporter's record of the trial, Deutsche Bank offered certified copies of the deed of trust and substitute trustee's deed, and copies of the notices to vacate with accompanying proof of mailing by certified mail supported by a business records affidavit, all of which were admitted into evidence.[2] Counsel for Deutsche Bank informed the trial court that it only sought possession of the Property. In response to questions by the trial judge, Cruz conceded that neither he nor Maria Caballero had paid the mortgage payments. Following oral arguments by both parties, the trial court signed a final judgment awarding exclusive possession of the Property to Deutsche Bank. The trial court later signed an

---

[1] The record on appeal does not contain any evidence of the alleged default or the foreclosure sale and does not contain a copy of the Trustee's Deed.

[2] The record on appeal does not include any of the trial exhibits.

amended final judgment awarding possession of the Property to Deutsche Bank and ordering a supersedeas bond pending appeal in the amount of $800.00, renewable monthly. Cruz timely filed his pro se notice of appeal; Caballero did not appeal.

**DEFICIENT BRIEF**

We begin by addressing appellees' argument that Cruz waived all of his issues on appeal because he failed to comply with Texas Rule of Appellate Procedure 38.1. Cruz's brief was originally due on May 7, 2015. After seeking and receiving three extensions of time within which to file his brief, Cruz filed a brief on August 7, 2015. On August 14, 2015, this Court notified Cruz that his brief did not satisfy the requirements of the Texas Rules of Appellate Procedure because it failed to comply with rule 38.1(a), (b), (c), (d), (g), (h), (i), and (k). Cruz was given ten days to correct the deficiencies. Instead of filing an amended brief as instructed, Cruz filed four additional motions for extensions of time within which to file an amended brief, despite repeated admonition by this Court that failure to file an amended brief by the specified date would result in the appeal being submitted on Cruz's deficient brief. After Cruz failed to comply with this Court's order to file his amended brief by February 1, 2016, the appeal was submitted on Cruz's deficient brief.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Under those rules, an appellant's brief must concisely state all issues or points presented for review and, among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.). In the absence of appropriate record citations or a substantive analysis, a brief does not present an

–3–

adequate appellate issue. *Magana v. Citibank, N.A.*, 454 S.W.3d 667, 680–81 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (deeming issue waived due to inadequate briefing); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding failure of appellant's brief to offer argument, citations to record, or citations to authority waived issue on appeal); *Devine v. Dallas Cty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding party failing to adequately brief complaint waived issue on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing).

On appeal, as in trial, a pro se appellant must properly present his case. *See Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although we liberally construe pro se briefs, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *In re N.E.B.*, 251 S.W.3d at 212.

Cruz's appellate brief is four pages. The "Statement of the Case" portion of the brief contains no supporting references to the record. *See* TEX. R. APP. P. 38.1(d). There is no "Statement of Facts." *See* TEX. R. APP. P. 38.1(g). In his "Issues Presented For Appeal" section, Cruz does not concisely state the issues he presents for review. *See* TEX. R. APP. P. 38.1(f). Instead, Cruz provides a confusing narrative, claiming he was "wrongfully foreclosed on and evicted" by Deutche Bank. Cruz complains of misrepresentations by an individual named Antonio Caballero who allegedly claimed to be a loan modification officer; however, Antonio Caballero is not a party to this lawsuit. Finally, Cruz suggests that a judgment awarding

possession of the Property to Deutche Bank was erroneous because he thought he was working on a loan modification prior to the wrongful foreclosure sale.

The "Argument" section of Cruz's brief provides no discussion or legal analysis of the issues he purports to present and contains no citations to legal authorities or the record. *See* TEX. R. APP. P. 38.1(i). Instead, Cruz merely restates the narrative provided in his issues and statement of the case and argues his appeal should be granted because he was confused and did not understand the legal action taken against him. We may not speculate as to the substance of the specific issues asserted by an appellant and may not make a party's argument for him. *Strange*, 126 S.W.3d at 678. We have no duty to perform an independent review of the record and the applicable law to determine if the trial court erred. *Id.*

Cruz has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. *See* TEX. R. APP. P. 38.1. Because Cruz has failed to adequately brief any issue for review by this court, even after being notified of the deficiencies in his appellate brief, we hold that the issues he purports to raise have not been preserved for our review. *See Strange*, 126 S.W.3d at 678. Accordingly, we overrule Cruz's issues.

### CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

141358F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUAN CRUZ, Appellant

No. 05-14-01358-CV          V.

DEUTCHE BANK NATIONAL TRUST,
Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-14-04351-C.
Opinion delivered by Chief Justice Wright.
Justices Fillmore and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DEUTCHE BANK NATIONAL TRUST recover its costs
of this appeal from appellant JUAN CRUZ.

Judgment entered October 18, 2016.