**AFFIRMED and Opinion Filed May 28, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00385-CV

### KIMBERLY D. HOGAN, Appellant
### V.
### ASPIRE FINANCIAL, INC., D/B/A ASPIRE LENDING, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01806**

## MEMORANDUM OPINION ON REHEARING

Before Justices Nowell, Smith,[1] and Garcia[2]
Opinion by Justice Smith

On the Court's own motion, we withdraw our opinion issued June 8, 2020 and

vacate our judgment of that date. The following is now the opinion of the Court.

After our original opinion in this case issued, appellant filed a motion for

rehearing complaining she did not receive notice that her pro se brief did not comply

with the rules of appellate procedure. We granted appellant's motion for rehearing

---

[1] The Honorable David L. Bridges participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. The Honorable Justice Craig Smith has substituted for Justice Bridges in this cause. Justice Smith has reviewed the briefs and the record before the Court.

[2] The Honorable Justice Dennise Garcia succeeded the Honorable Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the briefs and the record before the Court.

to give her an opportunity to amend her brief. On October 15, 2020, appellant filed an amended pro se brief. On October 21, 2020, the Clerk of this Court notified appellant that her amended brief was deficient. On October 26, 2020 appellant again filed an amended pro se brief.

Kimberly D. Hogan appeals the trial court's summary judgment in favor of Aspire Financial, Inc. d/b/a Aspire Lending. The facts as set forth in Hogan's original petition are as follows: In January 2013, Hogan and her daughter lived in Colorado but planned to move to Austin. Hogan applied to Aspire for a home loan. In February 2013, Aspire approved pre-qualification for a $100,000 loan after reviewing Hogan's "submitted income and assets." Aspire incorrectly included child support payments as part of Hogan's income, but the child support obligation had less than three years remaining, making it ineligible to be considered as income. After Aspire approved Hogan for the purchase loan, Hogan asked Aspire about a second mortgage so she could keep her Colorado home as a rental property. Aspire determined Hogan had insufficient income to support two mortgages and advised Hogan to sell her Colorado home. Hogan sold her Colorado home on April 9, 2013.

Hogan then moved to Austin where she signed a contract to buy an Austin home for $92,120 and deposited $1000 in earnest money. Hogan advised Aspire of the contract to buy the house. On June 14, 2013, Aspire told Hogan she did not actually qualify for the loan because her child support could not be counted as income.

–2–

On May 15, 2017, Hogan sued Aspire in Williamson County and asserted claims of negligence, gross negligence, fraud in the sale of real estate, negligent misrepresentation, common law fraud, fraudulent inducement, promissory estoppel, and deceptive trade practices. There were no exhibits or affidavits attached to Hogan's petition. Aspire filed a motion to transfer venue, original answer, and a counterclaim for defamation.

After the case was transferred to Dallas County, Aspire filed a motion for partial summary judgment asserting that Hogan's claims of negligence, gross negligence, negligent misrepresentation, and deceptive trade practices were barred by the applicable two-year statute of limitations, and Hogan's claim of fraud in the sale of real estate failed because it did not apply to claims against a mortgage lender. By order dated September 13, 2018, the trial court granted Aspire's motion and dismissed Hogan's claims of negligence, gross negligence, negligent misrepresentation, deceptive trade practices, and fraud in the sale of real estate.

In December 2018, Hogan filed an amended petition that alleged the same facts as her original petition and the same causes of action, including the causes of action dismissed in the trial court's order granting partial summary judgment. Hogan's amended petition contained no affidavits or exhibits.

In February 2019, Aspire filed a no-evidence motion for summary judgment on Hogan's remaining claims of fraud, fraudulent inducement, and promissory estoppel. At the outset, Aspire argued a pre-qualification is not a guarantee of a

loan. As to Hogan's fraud claim, Aspire argued there was no evidence Aspire provided any false information to Hogan or had any intent to mislead Hogan or induce any action on her part. Aspire argued fraudulent inducement is a form of fraud that arises only in the context of a contract, and there was no evidence the parties ever entered into a legally binding loan agreement. Finally, as to promissory estoppel, Aspire argued there was no evidence Aspire made a specific promise or loan commitment including all material terms, and statements of an intention to reach agreement were too vague and indefinite to survive summary judgment on promissory estoppel.

In response, Hogan filed a pleading seeking reinstatement of her deceptive trade practices claim and opposing Aspire's motion for summary judgment on the basis that her loan approval was not a pre-qualification but "was a Loan Approval and we were under Contract." Although Hogan asserted her contract with Aspire was "admitted and Accepted as Evidence in Exhibits," and Aspire's "Breaching/Terminating Contract Letter" was "also in Accepted Exhibits," Hogan's response had no attached affidavit or exhibits. On March 7, 2019, the trial court signed an order granting Aspire's no-evidence motion for summary judgment on Hogan's remaining claims.

Following a hearing on Aspire's defamation claim, the trial court entered a final judgment dismissing Aspire's defamation claim with prejudice and taxing costs against the parties incurring same. This appeal followed.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied). Bare assertions of error, without argument or authority, waive error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. *Devine v. Dallas County*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.).

In her pro se brief, Hogan argues the accrual date for statute of limitations purposes was never proven; alleged missing exhibits were provided to Aspire's counsel; the trial court should have allowed reasonable accommodations to her as a pro se litigant; she was denied meaningful access to the courts and denied a fair trial;

and she was denied equal protection and due process of law by being denied meaningful access to the courts. As Hogan did in her petition and amended petition in the trial court, she restates her claims of negligence, gross negligence, fraud in the sale of real estate, negligent misrepresentation, common law fraud, fraudulent inducement, promissory estoppel, and deceptive trade practices. Additionally, Hogan now raises a breach of contract argument for the first time. Hogan fails to provide a clear and concise argument for her contentions with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1; *McIntyre*, 50 S.W.3d at 682. Because Hogan's issues are bare assertions of error, without supporting argument or authority, we conclude she has waived our review of her complaints. *Washington*, 362 S.W.3d at 854.

Moreover, even if we were to conclude Hogan's brief is adequate, a no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). If the nonmovant fails to satisfy its burden, the trial court "must grant the motion[.]" TEX. R. CIV. P. 166a(i). Here, Hogan failed to present any evidence to support any of her claims or to contest the arguments raised in Aspire's motions for summary judgment. Under these circumstances, we conclude the trial court did not

err in granting summary judgment in favor of Aspire on all of Hogan's claims. *See*
*Gish*, 286 S.W.3d at 310. We overrule Hogan's issues.

We affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

190385F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KIMBERLY D. HOGAN, Appellant

No. 05-19-00385-CV      V.

ASPIRE FINANCIAL, INC., D/B/A
ASPIRES LENDING, Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-01806.
Opinion delivered by Justice Smith.
Justices Nowell and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ASPIRE FINANCIAL, INC., D/B/A ASPIRES LENDING recover its costs of this appeal from appellant KIMBERLY D. HOGAN.

Judgment entered May 28, 2021.