**Affirm and Opinion Filed August 23, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00248-CV

**YELENA KONKINA, Appellant**
**V.**
**DR. IRINA HAYRAPETYAN AND VALLEY VIEW DENTAL, Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-02483-C**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellant Yelena Konkina, proceeding pro se, appeals the trial court's order granting appellees' motion to dismiss under section 74.351 of the civil practice and remedies code. She raises four issues in her brief: (1) "unfair representation, were the civil rights of the appellant observed?"; (2) "refusal from the defendant's attorneys for the written deposition"; (3) "inadequate expert report"; and (4) "inability to provide all the necessary documentation and development because of the short discovery period." We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

In her original petition, appellant alleged that appellee placed six crowns in appellant's upper front teeth in June 2019. Appellant alleged she afterwards experienced severe pain in the teeth with the new crowns, jaw pain, severe headaches, sinus pressure, nerve pain, and earache for six to seven months. Appellant alleged appellee failed to diagnose the problem and referred appellant to an endodontist who made things worse. Appellant saw other dentists, who "immediately diagnosed that the crowns probably need to be replaced." After having three crowns replaced, appellant alleged her symptoms subsided considerably. Appellant alleged that appellee dental practice, through appellee dentist, "was negligent in failing to diagnose Plaintiff's medical condition and render treatment consistent with a proper diagnosis." Appellant alleged this "negligence directly and proximately resulted in unnecessary severe physical, mental and emotional pain and suffering and unnecessary medical treatment, tests and expense over a period of 7 months, and Plaintiff is entitled to recover damages of, from and against the Defendant for said negligence" in an amount of $120,000.

After appellant provided three expert reports pursuant to chapter 74 of the civil practices and remedies code, the trial court ultimately found those reports inadequate and, on appellees' motion, dismissed appellant's suit with prejudice. This appeal followed.

**Discussion**

Though we liberally construe pro se pleadings and briefs, we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To present an issue to this Court, a party's brief must contain, among other things, "a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record." *Id.* An appellant must provide a discussion of the facts and authorities relied upon to maintain a point on appeal. *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.). "[M]erely uttering brief conclusory statements, unsupported by legal citations," is not sufficient. *Id.* "It is appellant's burden to discuss her assertions of error. We have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) (concluding an issue was waived when briefing included no citations to the record and "no legal analysis or discussion of[ ] referenced regulations and how they might relate to the multiple assertions of error").

> We will not look outside an appellate brief for arguments in support of an issue when doing so would circumvent the rules of appellate procedure. Nor are we responsible for searching the record for facts or

–3–

for conducting legal research that may be favorable to a party's position. If we did so, we would be abandoning our proper role as neutral arbiters and become advocates for a party.

*Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.) (internal citations omitted). Though "we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules that govern the content of appellate briefs." *Hammonds v. Dallas County*, 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.). When a party fails to adequately brief a complaint, it waives the issue on appeal. *Devine v. Dallas County*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.).

Applying these standards here, we conclude appellant's brief presents nothing for our review. When appellant filed her first brief in this appeal, the Clerk of this Court notified appellant that her brief failed to satisfy the rules of appellate procedure in that it, among other things, failed to contain appropriate citations to authorities in its argument. Appellant filed an amended brief, but it suffers from the same deficiency. In her first issue, appellant discusses the difficulty of prosecuting her case pro se. In the course of her discussion, she fails to base her argument on any pertinent legal authorities. In her second issue, appellant states "[a]ppellee shouldn't have been denied in the written deposition." Appellant again fails to support this issue with citations to pertinent authorities. In her fourth issue, appellant appears to argue that a different discovery level should have governed; she supports this contention with citations to New Jersey cases.

In appellant's third issue, she complains about the trial court finding the expert report inadequate. Although this issue is properly framed and relevant to the appeal of the trial court's order before us, appellant's brief fails to discuss chapter 74 or pertinent case law discussing expert report requirements. Appellant's brief cites only rule 195.5 of the rules of civil procedure, relating to discovery regarding testifying expert witnesses. This argument leaves us no ability to assess and answer the often difficult question of whether the trial court abused its discretion. *See Amrhein*, 593 S.W.3d at 401. We conclude appellant has waived her appellate issues through inadequate briefing. *See Bullock*, 360 S.W.3d at 665; *Devine*, 130 S.W.3d at 514.

## Conclusion

Appellant's four issues are overruled. We affirm the judgment below.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210248f.p05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

YELENA KONKINA, Appellant

No. 05-21-00248-CV     V.

DR. IRINA HAYRAPETYAN AND
VALLEY VIEW DENTAL,
Appellee

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-20-02483-
C.
Opinion delivered by Justice
Molberg. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 23rd day of August 2022.