**C.O.**

**v.**

**W.S. et al.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 9370463.

Decided March 1, 1994.

*John J. Ready* and *Susan Birmingham,* for plaintiff C.O.

*Steven D. Bell* and *Timothy J. Downing,* for defendant W.S.

*Steve E. Wolkin,* for D.C.

*Marita Kavalec,* guardian *ad litem* for D.C.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Timothy R. Brown,* Assistant Prosecuting Attorney, for Cuyahoga County Child Support Enforcement Agency.

PETER M. SIKORA, Judge.

## I. Statement of Facts

Defendant, W.S., and her female partner decided that they wished to have a baby. After discussing their wish with plaintiff, C.O., and his male partner, it was agreed that plaintiff would provide the semen for defendant to conceive a child. It is undisputed that plaintiff provided the semen on one or more occasions and that defendant was impregnated with the semen other than through direct sexual intercourse. As a result of the insemination, on December 25, 1992, defendant gave birth to D.C., the subject of these proceedings. It is further agreed that plaintiff and defendant were never married to each other, and that defendant was not married during the period from the insemination to the child's birth. There is disagreement as to whether the defendant's insemination was conducted under the supervision and control of a physician.

Prior to D.C.'s birth, the parties agreed that plaintiff was to be considered a "male role model" for the child, and would be called "father." Although this agreement evidenced some intention to circumvent the artificial insemination provisions of R.C. 3111.30 *et seq.,* there is dispute between the parties as to whether it was their intention for plaintiff to have all of the rights and responsibilities of fatherhood. Plaintiff alleges that since the child's birth, defendant has refused plaintiff's requests to visit or support the child, or to participate in the child's life as his father.

On June 10, 1993, plaintiff, through counsel, filed a complaint to determine paternity, custody, support, and visitation, naming W.S. as defendant.[1] Defendant, through counsel, filed a motion to dismiss on June 25, 1993, relying primarily on R.C. 3111.37(B), which provides:

"If a woman is the subject of a non-spousal artificial insemination, the donor shall not be treated in law or regarded as the natural father of a child conceived as a result of the artificial insemination, and a child so conceived shall not be treated in law or regarded as the natural child of the donor. No action under sections 3111.01 to 3111.19 of the Revised Code shall affect these consequences."

Many motions and other documents have subsequently been filed by both parties, and several court proceedings have been conducted. Additionally, the court named the child a party and appointed a separate counsel and guardian *ad litem* for the child pursuant to R.C. 3111.07(A) and Juv.R. 4, respectively.

On February 9, 1994, plaintiff filed a motion for immediate ruling on defendant's motion to dismiss, and on February 14, 1994, defendant filed a notice of joinder in plaintiff's motion. It is the purpose of this order and opinion to rule on defendant's motion to dismiss.

## II.  Opinion

Artificial insemination statutes are designed to provide anonymity and protection to both the donor and the mother. See *McIntyre v. Crouch* (1989), 98 Ore.App. 462, 780 P.2d 239. In furtherance of this objective, rigorous medical requirements have been included in Ohio law. For instance, a non-spousal artificial insemination must be performed by a physician or a person who is under the supervision and control of a physician (R.C. 3111.32); a complete medical history and physical examination of the donor must be obtained by a physician (R.C. 311.33[B] ); and, the physician must obtain and maintain various information, statements, and records, including a statement that the donor shall not be advised as to the identity of the recipient, and that the recipient shall not be advised as to the identity of the donor (R.C. 3111.35).

Courts in other jurisdictions have held that the medical requirements of artificial insemination statutes must be complied with in order to extinguish the rights of a father. See *Jhordan C. v. Mary K.* (1986), 179 Cal.App.3d 386, 224 Cal.Rptr. 530. In Ohio, R.C. 3111.38 provides that the failure of a physician to comply with the applicable statutory requirements shall not affect the legal status, rights, or obligations of a child conceived as a result of a non-spousal

---

1.  The Cuyahoga County Support Enforcement Agency was also joined as a defendant, and has been represented by the Cuyahoga County Prosecutor's Office throughout these proceedings. The agency's position on the issue at bar is substantially similar to that of plaintiff.

artificial insemination, a recipient, or the donor. However, that provision does not contemplate or countenance a complete circumvention by the donor and recipient of the critical element of anonymity. In reviewing the Ohio statutory medical requirements *in pari materia*, it is held that the absence of compliance with such requirements in this case would negate the defendant's attempts to cloak her pregnancy under the ambit of the non-spousal artificial insemination law, R.C. 3111.30 through 3111.38.

Even if the defendant had complied with all of the statutory medical requirements, R.C. 3111.37(B), which establishes the legal relationship between a donor and mother, would not apply to the facts of this case. The statute does not prevent a paternity adjudication where an unmarried woman solicits the participation of the donor, who was known to her, and where the donor and woman agree that there would be a relationship between the donor and child. See *In the Interest of R.C.* (Colo.1989), 775 P.2d 27; *C.M. v. C.C.* (1977), 152 N.J.Super. 160, 377 A.2d 821.

Assuming *arguendo* that R.C. 3111.37(B) does apply, the court finds that the statute is unconstitutional as applied to plaintiff and the child. Public policy supports the concept of legitimacy, and the concomitant rights of a child to support and inheritance. See *In re Liptay* (Jan. 13, 1994), Cuyahoga App. No. 64557, unreported, 1994 WL 11323. A father's voluntary assumption of fiscal responsibility for his child should be endorsed as a socially responsible action. A statute which absolutely extinguishes a father's efforts to assert the rights and responsibilities of being a father, in a case with such facts as those *sub judice*, runs contrary to due process safeguards. *McIntyre, supra;* see *Lehr v. Robertson* (1983), 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614.

It is, therefore, ordered that the motion to dismiss is overruled, and that the parent-child relationship between the plaintiff and the child, D.C., has been established. All other pending motions are overruled. This matter will be set for hearing on the issues of custody, visitation, and support. The court's probation department is to conduct home investigations of both plaintiff and defendant, and the court's clinic is to conduct psychological evaluations on plaintiff, his partner, the defendant, and her partner.

*Judgment accordingly.*