

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00008-CV

IN THE INTEREST OF P.S.,
A CHILD

----------

## FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY
### TRIAL COURT NO. 2015-0007A-CV

----------

## OPINION

----------

### I. INTRODUCTION

Appellant A.W. (Mother), who is appearing pro se, appeals from an order

establishing the parent-child relationship between Appellee M.S. (Father) and

Mother's daughter Pamela,[1] who was conceived by nonmedical artificial insemination using Father's sperm. The primary issue we address is whether Father qualifies as a "donor" under the definition of "donor" set forth in Texas Family Code section 160.102(6).[2] *See* Tex. Fam. Code Ann. § 160.102(6). Because Father did not provide sperm to a licensed physician for the purpose of artificial insemination, we hold that Father is not a donor as that term is defined in section 160.102(6) and therefore may be named as a parent to Pamela. Consequently, we will affirm the trial court's order establishing Father's paternity of Pamela.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother were friends who previously lived together, but they never had sexual relations. Mother, who is gay, wanted to have a child and she approached Father, requesting that he provide sperm. Father wanted children but did not think he would ever marry, so he agreed to Mother's request. Mother provided sterile cups and syringes to Father. Father collected his sperm and gave it to Mother. Mother artificially inseminated herself using Father's sperm and successfully conceived a child.

---

[1]To protect the identity of the minor child, we refer to her by a pseudonym and to the parents as Mother and Father. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014).

[2]It is undisputed that Father donated his sperm. The issue of whether Father is a "donor" refers to whether he meets the statutory definition of "donor" and is therefore by statute not the parent of any child conceived from his donation. *See* Tex. Fam. Code Ann. §§ 160.102(6), .702 (West 2014).

Father attended several of Mother's doctor appointments, as well as the sonogram appointment that revealed the child's gender. Father was present at the hospital for Pamela's birth on August 18, 2014, and signed an acknowledgement of paternity and the birth certificate. Pamela received Father's last name. Father saw Pamela five to seven times during the first two months of her life, but Father lost contact with Mother in mid-October 2014 because Mother lost her phone. Around that same time, Mother married her girlfriend. Although Father stopped by Mother's house to visit Pamela, no one would open the door.

A month after Pamela's birth, Mother rescinded the acknowledgement of paternity that Father had signed. Mother mailed Father a form requesting that he voluntarily relinquish his parental rights. Father threw away the form and sought assistance from the Office of the Attorney General (OAG) because he wanted to be officially named as Pamela's father so that he would have the right to see her.

The OAG filed a petition to establish the parent-child relationship between Father and Pamela.[3] Mother filed an answer, and Mother's spouse intervened. In due course, the case proceeded to a bench trial.

---

[3]Under section 160.307(d), the OAG had standing to bring a proceeding to adjudicate parentage because, as the Title IV-D agency, it was affected by Mother's rescission of the acknowledgement of paternity. *See* Tex. Fam. Code Ann. § 160.307(d) (West Supp. 2016) ("Any party affected by the rescission, including the Title IV-D agency, may contest the rescission by bringing a proceeding under Subchapter G [section 160.601 et seq.] to adjudicate the parentage of the child.").

At trial, Mother and Father both testified that no written contract existed memorializing their agreement concerning the artificial insemination. Father testified that he and Mother had verbally agreed that he would be involved in Pamela's life as her father and would care for her on his days off. Mother testified that she and Father had agreed that he would donate sperm only and that they would continue to see each other as friends. Mother's spouse also testified. She asked the trial court to find that Father was a sperm donor under the family code so that she could adopt Pamela.

The trial court signed an order establishing the parent-child relationship between Father and Pamela, found Father to be the biological father of Pamela, appointed Father and Mother joint managing conservators, ordered Father to pay child support, set a modified possession and access schedule for November and December 2015, and ordered a standard visitation schedule beginning January 1, 2016. Mother then perfected this appeal, raising four issues.

### III. BECAUSE FATHER DOES NOT MEET THE STATUTORY DEFINITION OF "DONOR," HE IS NOT PROHIBITED FROM BEING NAMED AS A PARENT

In her second issue, Mother argues that the trial court abused its discretion by establishing the parent-child relationship between Father and Pamela. Mother contends that the trial court violated Texas Family Code section 160.702 by naming Father as Pamela's parent. *See* Tex. Fam. Code Ann. § 160.702 (providing that a "donor" is not a parent of a child conceived by means of assisted reproduction).

4

A trial court's decision in a paternity action or action establishing the parent-child relationship is reviewed for an abuse of discretion and will only be disturbed when it is clear the court acted in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). In family-law cases, the traditional sufficiency standards of review overlap with the abuse-of-discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.). To determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we must determine (1) whether the trial court had sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion. *Id.* The applicable sufficiency review comes into play with regard to the first question. *Id.*

Two statutory provisions are at issue here. Texas Family Code section 160.702 provides that a donor is not a parent of a child conceived by means of assisted reproduction. Tex. Fam. Code Ann. § 160.702. And section 160.102(6) defines "donor" as "an individual who provides . . . sperm to a licensed physician to be used for assisted reproduction." *Id.* § 160.102(6).

5

The evidence presented at trial conclusively established that Father did not provide his sperm donation to a licensed physician. Because Father did not provide sperm to a licensed physician, he does not meet the statutory definition of "donor" in section 160.102(6). *See* Tex. Fam. Code Ann. § 160.102(6); *see also C.O. v. W.S.*, 639 N.E.2d 523, 524 (Ohio 1994) (rejecting mother's assertion that father could not be named child's parent when father's sperm donation was not made through a physician). Because Father is not a "donor," section 160.702 does not prohibit Father from being named as a parent. *See* Tex. Fam. Code Ann. § 160.702; *see also Jhordan C. v. Mary K.*, 179 Cal.App.3d at 386, 394 (Cal. Ct. App. 1986) (holding that when no doctor was involved in sperm donation or in artificial insemination, sperm was never "provided to a licensed physician" so donor fell outside statutory nonpaternity provisions). Accordingly, based on the evidence presented, we hold that the trial court did not abuse its discretion by establishing a parent-child relationship between Father and Pamela. We overrule Mother's second issue.[4]

---

[4]Mother's reliance on *H.C.S.*, in which the San Antonio court held that a sperm donor lacked standing to pursue a paternity action, is misplaced. *See* 219 S.W.3d 33, 36–37 (Tex. App.—San Antonio 2006, no pet.). The "donor" pursing a paternity action in *H.C.S.* did provide his sperm donation to a licensed physician and hence did meet the statutory definition of "donor"—unlike Father here. *H.C.S.* is therefore not controlling.

6

## IV. MOTHER IS NOT ENTITLED TO RELIEF ON HER REMAINING ISSUES

In her first issue, Mother argues that an error in the prayer at the end of her answer and her spouse's plea in intervention (i.e., including names of parties not involved in this case) confused the parties and deterred from the facts. We broadly construe Mother's first issue as raising a claim of ineffective assistance of counsel. *See* Tex. R. App. P. 38.1(f), 38.9. The doctrine of ineffective assistance of counsel does not extend to civil cases in general. *See McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.); *Green v. Kaposta*, 152 S.W.3d 839, 844 (Tex. App.—Dallas 2005, no pet.); *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Although exceptions to this rule exist,[5] no exception has been recognized for a suit to determine parentage, and we decline to create one. *See McCoy*, 183 S.W.3d at 548; *Green*, 152 S.W.3d at 844; *Cherqui*, 116 S.W.3d at 343. Accordingly, we overrule Mother's first issue.[6]

In her third and fourth issues, Mother challenges the State's decision to invoke "the Rule" and the trial court's decision to allegedly shorten the length of

---

[5]*See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that statutory right to counsel in parental-rights termination cases embodies right to effective counsel).

[6]Moreover, the clerk of this court confirmed with the trial court clerk that the specific version of the document Mother complains of was never filed.

the trial. Mother, however, did not brief these issues.[7] Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.* The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (stating that a proper substantive analysis "is not done by merely uttering brief conclusory statements, unsupported by legal citations"). Because Mother has failed to adequately brief the issues she purports to raise in her third and fourth issues, even after being notified multiple times of the deficiencies in her appellate brief and being given multiple opportunities to correct her deficiencies, we hold that those issues have been waived as inadequately briefed. *See Magana v. Citibank, N.A.*, 454 S.W.3d 667, 680–81 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (deeming issue waived due

---

[7]After Mother tendered her initial brief, her first amended brief, and her second amended brief for filing with this court, the clerk of our court sent letters to Mother notifying her of the deficiencies in each brief and requesting that she file an amended brief. The current brief is Mother's third amended brief.

8

to inadequate briefing); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding failure of appellant's brief to offer argument, citations to record, or citations to authority waived issue on appeal); *Devine v. Dallas Cty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding party failing to adequately brief complaint waived issue on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). We overrule Mother's third and fourth issues.

## V. CONCLUSION

Having overruled Mother's four issues, we affirm the trial court's order establishing the parent-child relationship between Father and Pamela.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and SUDDERTH, JJ.

DELIVERED: October 27, 2016

9