**Opinion filed January 16, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00137-CV
_____

**CHARLES ABERNATHY, Appellant**

**V.**

**RONALD CUPP, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV53020**

## M E M O R A N D U M   O P I N I O N

Appellee, Ronald Cupp, having been intentionally struck in the face with the barrel of a rifle by his former employer, filed suit for assault. The jury returned a verdict in favor of Cupp and awarded him $30,000 in damages. Appellant, Charles Abernathy (the former employer), acting pro se, now appeals from the trial court's judgment. In two issues, Abernathy argues that (1) his trial counsel was ineffective,

and (2) the evidence was legally and factually insufficient to support the jury's findings that Abernathy tortiously assaulted Cupp and that he was liable for the damages awarded. We affirm.

*Factual and Procedural History*

The following facts were undisputed at trial. Cupp was previously employed by Abernathy,[1] and during his employment they maintained a positive working relationship and friendship. Cupp's employment ended on mutual terms around January 2015, and Cupp found new employment with Abernathy's competitor.

On May 30, 2016, Cupp arrived at Abernathy's property to request that Abernathy return two items that belonged to Cupp. Cupp also sought to return his key to Abernathy's shop. Cupp, who was unarmed, was greeted by Abernathy holding a rifle. Abernathy refused to return Cupp's belongings and declined the key. Abernathy then struck Cupp in the face with the barrel of his rifle, causing Cupp to briefly lose consciousness. No physical altercation preceded Abernathy's actions. When Cupp regained consciousness, Cupp left the premises without further discussion and drove to a nearby hospital, where he received stitches below his eye. Photographs of Cupp's injury were admitted at trial. Cupp testified that it took three days for his headache to subside and several more weeks for his facial injury to fully heal. Cupp stated that the incident had affected him mentally as well, resulting in nightmares "for the longest time."

The parties disagreed on whether Cupp knew that he was not welcome on the property and whether he had previously been told to leave the premises. Cupp recalled only one instance of being told by Abernathy to leave, and it occurred when Cupp attempted to pick up a trailer belonging to another transportation company.

---

[1]Cupp drove a truck hauling oil for Abernathy and assisted Abernathy with mechanic work.

Abernathy stated that the May 30, 2016 incident was the third time Cupp had attempted to come onto his property, and that he had previously told Cupp, unequivocally, that he needed to "get the F out of here." Although Abernathy acknowledged that Cupp was unarmed, that no physical altercation had occurred before he struck Cupp, and that Cupp had not attempted to physically assault him, Abernathy maintained that he acted out of "fear of [his] life."[2]

*Sufficiency*

Abernathy's second issue is multifaceted, and we address it first. We construe his issue as challenging the factual and legal sufficiency of the evidence in support of the asserted cause of action and assessed damages, with Abernathy specifically arguing that (1) "it was [Cupp] who was the underlying tortfeasor in the instant matter by instigating and causing the incident," and (2) Cupp "clearly failed to mitigate damages." We address these claims in turn.

A. *Standard of Review and Applicable Law*

"When reviewing a legal-sufficiency challenge to a jury verdict, we view all evidence in the light most favorable to the verdict." *Albert v. Fort Worth & W. R.R. Co.*, 690 S.W.3d 92, 97 (Tex. 2024) (per curiam) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005)). "We credit favorable evidence if a reasonable juror could do so and disregard contrary evidence unless a reasonable juror could not." *Id.*; *Lario Oil & Gas Co. v. Black Hawk Energy Servs., Ltd.*, 690 S.W.3d 404, 410 (Tex. App.—Eastland 2024, pet. dism'd). A reviewing court will overturn a judgment on a jury verdict on legal-sufficiency grounds only where:

---

[2]During closing arguments, Abernathy's counsel asserted that Abernathy had acted in self-defense, however, no self-defense instruction was requested nor does one appear in the trial court's charge. *See generally Gibbins v. Berlin*, 162 S.W.3d 335, 340 (Tex. App.—Fort Worth 2005, no pet.) (recognizing that "self-defense" in civil law "is a plea in confession and avoidance[;t]hat is, it is an affirmative defense").

there is a complete absence of evidence proving a vital fact, the rules of law or evidence bar the court from weighing the only evidence proving a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence conclusively disproves the existence of a vital fact.

*Albert*, 690 S.W.3d at 97; *DeBoer v. Attebury Grain, LLC*, 684 S.W.3d 520, 527 (Tex. App.—Eastland 2024, no pet.).

To successfully challenge the factual sufficiency of the evidence, an appellant must demonstrate that the finding is against the great weight and preponderance of the evidence. *Lario Oil & Gas Co.*, 690 S.W.3d at 415 (first citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); and then citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)). We consider and weigh all of the evidence and will set aside a verdict "only if it is so contrary to the overwhelming weight of the evidence such that it is clearly wrong and unjust." *Id.* at 415–16.

The elements of assault are the same in civil and criminal suits. *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 n.4 (Tex. 2010)); *see* TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2024). As relevant here, a person commits an assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another." PENAL § 22.01(a)(1); *see City of Watauga v. Gordon*, 434 S.W.3d 586, 589–90 (Tex. 2014). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." PENAL § 1.07(8).

B. *Cause of Action*

  1. *Inadequate Briefing*

With respect to Abernathy's sufficiency challenge related to the elements of assault, Abernathy's discussion of the evidence is limited to a single sentence:

"[T]he evidence in possession of the Appellant[,][3] in addition to the evidence presented at trial[,] demonstrates that it was the Appelle[e] who was the underlying tortfeasor in the instant matter by instigating and causing the incident that gave rise to the Appellee's action in the instant matter." Although we construe pro se briefs liberally, pro se litigants are held to the same briefing requirements as litigants represented by counsel, which includes the requirement that a brief contain cogent arguments supported by appropriate legal authority. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Horne v. Atmos Energy Corp.*, No. 11-22-00325-CV, 2024 WL 4795278, at *2 (Tex. App.—Eastland Nov. 15, 2024, no pet. h.) (mem. op.) (providing that we hold pro se litigants to the same standards as licensed attorneys and an appellate issue unsupported by argument or legal authority presents nothing for review); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2, 412–13 (Tex. App.—Eastland 2023, pet. denied).

### 2. *Preservation*

Even liberally construing Abernathy's brief, his sufficiency claim also faces a preservation hurdle. In a civil case tried to a jury, legal and factual sufficiency

---

[3]We do not consider evidence that was not admitted at trial and that does not appear in the appellate record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *BBVA Compass Inv. Sols., Inc. v. Brooks*, 456 S.W.3d 711, 716 (Tex. App.—Fort Worth 2015, no pet.) ("An appellate court cannot look outside the record but is bound to determine the case on the record filed."); *Jaramillo v. City of Odessa Animal Control*, No. 11-23-00117-CV, 2024 WL 3362927, at *1 (Tex. App.—Eastland July 11, 2024, no pet.) (mem. op.) ("We may not consider evidence that is not included in the appellate record or factual assertions that appear solely in the appellate briefs that were not presented to the trial court for determination."); *Zhu v. Zhang*, No. 01-21-00699-CV, 2022 WL 16841697, at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2022, no pet.) (mem. op.) (same); *Hickey v. Vanderbilt Mortg. & Fin., Inc.*, No. 11-18-00088-CV, 2019 WL 3727634, at *1 (Tex. App.—Eastland Aug. 8, 2019, no pet.) (mem. op.) (same); *McAtee v. City of Austin*, No. 03-10-00496-CV, 2013 WL 5855638, at *6 n.3 (Tex. App.—Austin Oct. 10, 2013, no pet.) (mem. op.) (same); *Hall v. Parks*, No. 07-08-0321-CV, 2009 WL 1393280, at *4 n.7 (Tex. App.—Amarillo May 19, 2009, no pet.) (mem. op.) (same).

issues must be properly preserved in the trial court. *See In re D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021); *Brown v. Petty Flying Serv., Inc.*, No. 11-23-00134-CV, 2024 WL 4701586, at *5 (Tex. App.—Eastland Nov. 7, 2024, Rule 53.7(f) motion granted) (mem. op.). A legal sufficiency challenge may be preserved in one of five ways: "(1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial." *D.T.*, 625 S.W.3d at 75 n.8; *Brown*, 2024 WL 4701586, at *5. A factual sufficiency challenge must be raised in a motion for new trial. *D.T.*, 625 S.W.3d at 75 n.8; *see* TEX. R. CIV. P. 324(b)(2).

While Abernathy filed a motion for new trial, he only raised a *factual* sufficiency complaint in his motion.[4] *See generally* TEX. R. CIV. P. 321 (requiring that each point relied upon in a motion for new trial refer to an alleged error "in such a way that the objection can be clearly identified and understood by the court"). Therefore, we proceed only on Abernathy's factual sufficiency challenge. *See D.T.*, 625 S.W.3d at 75 n.8; *City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("[A] motion for new trial fails to preserve a legal sufficiency argument for review if the argument urged on appeal was not raised in the motion or otherwise during trial.").

3. *Analysis*

Notwithstanding Abernathy's global complaint to the contrary, the evidence presented at trial was factually sufficient to support the elements of assault—that is,

---

[4]Abernathy's argument in his motion for new trial reads in its entirety as follows:

The jury's answers to Jury Question No. 1 and No. 2 are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Specifically[,] the jury's answers to Question No. 2 are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

that Abernathy "intentionally, knowingly, or recklessly cause[d] bodily injury" to Cupp. *See* PENAL § 22.01(a)(1). Abernathy did not dispute that he intentionally or knowingly struck Cupp in the face, and the jury was free to believe Cupp's uncontroverted testimony and photographic evidence regarding the existence and severity of his physical injury and associated pain. *See Gonzales v. Gonzales*, No. 03-22-00408-CV, 2024 WL 3211239, at *3 (Tex. App.—Austin June 28, 2024, no pet.) (concluding evidence was sufficient to support an assault verdict where complainant testified that she sustained injuries and a photograph of the injuries was admitted at trial); *see also Cowboys Concert Hall-Arlington, Inc. v. Jones*, No. 02-12-00518-CV, 2014 WL 1713472, at *12 (Tex. App.—Fort Worth May 1, 2014, pet. denied) (mem. op.) (concluding evidence was sufficient to support assault finding based on testimony that the complainant had been flipped onto his stomach and held to the ground). On these facts, we conclude that the jury's finding was not against the great weight and preponderance of the evidence. *See Lario Oil & Gas Co.*, 690 S.W.3d at 415.

C. *Damages*

Abernathy's "sufficiency" challenge to the awarded damages is also unavailing. Abernathy summarily argues, without appropriate supporting authority, that Cupps "failed to mitigate [his] damages." This sub-issue has been neither properly briefed nor preserved for review.

Nevertheless, the doctrine of mitigation of damages, applicable in breach of contract and tort cases, "requires an injured party to use reasonable efforts to avoid or prevent losses." *E.L. & Assocs., Inc. v. Pabon*, 525 S.W.3d 764, 768 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see generally Donohue v. Dominguez*, 486 S.W.3d 50, 54 (Tex. App.—San Antonio 2016, pet. denied) ("[A] civil assault claim is still a 'tort'; it is called 'an intentional tort.'" (quoting *Gordon*, 434 S.W.3d at

588–94)). This Court has repeatedly held that the mitigation of damages doctrine is an affirmative defense which must be pleaded. *See, e.g.*, *Fabela v. Printz Prop. Mgmt. LLC*, No. 11-21-00178-CV, 2023 WL 4239857, at *8 (Tex. App.—Eastland June 29, 2023, no pet.) (mem. op.); *Allstar Refinishing & Collision Ctr., Inc. v. Rosas*, No. 11-07-00268-CV, 2009 WL 481885, at *3 (Tex. App.—Eastland Feb. 26, 2009, no pet.) (mem. op.); *Bilby v. Eaton*, No. 11-07-00032-CV, 2008 WL 1749096, at *2 (Tex. App.—Eastland Apr. 17, 2008, no pet.) (mem. op.) (citing *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1,* 908 S.W.2d 415, 426 (Tex. 1995)).

Abernathy did not plead failure to mitigate in the trial court, he did not raise this affirmative defense at trial,[5] and the jury was not instructed as to this defense. *See Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 882 n.3 (Tex. 2020) (concluding affirmative defense was waived when it was raised for the first time in appellate briefing); *Dall. Cnty. Constable Precinct 5 v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 609 (Tex. App.—Dallas 2007, no pet.) ("[W]e question whether he has preserved his mitigation of damages defense. But even assuming the issue is preserved, Dupree cannot obtain a reversal of the judgment unless he shows on appeal that he conclusively established his defense."). In other words, the question

---

[5]Issues not raised in pleadings can be tried by express or implied consent of the parties, and the issues will be "treated in all respects as if they had been raised in the pleadings." *See* TEX. R. CIV. P. 67; *see, e.g.*, *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 882 n.3 (Tex. 2020) ("Collateral estoppel is an affirmative defense that must be pleaded unless tried by consent."); *Goldshire Devs., LLC v. Aggregate Techs., Inc.*, No. 14-15-00914-CV, 2017 WL 1366678, at *8 (Tex. App. —Houston [14th Dist.] Apr. 13, 2017) (mem. op.) (mitigation must be pleaded unless tried by consent). However, trial by consent requires evidence in the record "indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *Med. Imaging Sols. Grp., Inc. of Tex. v. Westlake Surgical, LP*, 554 S.W.3d 152, 160 (Tex. App.—San Antonio 2018, no pet.); *see Bos v. Smith*, 556 S.W.3d 293, 307 (Tex. 2018) ("We must examine the record not for evidence of the issue, but rather for evidence of *trial* of the issue." (quoting *Sage St. Assocs. v. Northdale Const. Co.*, 863 S.W.2d 438, 446 (Tex. 1993))). There was no mention of Abernathy's mitigation claim at trial; thus, it could not have been tried by consent.

of whether Cupp's damages had been appropriately mitigated was never before the trial court and cannot now serve to defeat Cupp's award of damages. *See generally City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) ("[T]he issue was never before the trial court and should not have been considered by the court of appeals.").

We overrule Abernathy's second issue.

*Ineffective Assistance*

In his first issue, Abernathy complains that he received ineffective assistance of counsel because his attorney "omit[ed] critical evidence" at trial. In support, Abernathy cites to only criminal cases in his brief—all of which concern the constitutionally protected right of criminal defendants to effective assistance of counsel in criminal trials. *See generally D.T.*, 625 S.W.3d at 72 ("In criminal cases in which the right to counsel derives from the Sixth Amendment, the Supreme Court of the United States and our Court of Criminal Appeals long ago concluded defendants may bring an ineffective-assistance-of-counsel claim regardless of whether counsel is appointed or retained."). However, "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). In this regard, save for exceptions not applicable here, civil litigants such as Abernathy are not guaranteed effective assistance of counsel. *See Reagins v. Walker*, 524 S.W.3d 757, 764 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (recognizing the doctrine of ineffective assistance of counsel does not extend to civil cases in general); *In re P.S.*, 505 S.W.3d 106, 110 (Tex. App.—Fort Worth 2016, no pet.) (same); *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.) (same); *Koda v. Rossi*, No. 11-15-00150-CV, 2017 WL 3710992, at *1 (Tex. App.—Eastland Aug. 25, 2017, no pet.) (mem. op.) (same); *Baca v. Baca*, No. 11-15-00147-CV,

9

2016 WL 4574473, at *1 (Tex. App.—Eastland Aug. 25, 2016, no pet.) (mem. op.) (same).

We overrule Abernathy's first issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

January 16, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.