

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00318-CV

_____

AMBREYA PLAYER, Appellant

V.

TIANNA S. BOOKER, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2022-002361-2

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Pro se Appellant Ambreya Player appeals the trial court's order granting Appellee Tianna S. Booker's no-evidence motion for summary judgment. In a single issue, Player argues the following:

> The judge ignored and misinterpreted prior rulings or precedents that should have influenced the judgment. As Judge Kerr (Second Court of Appeals) stated in her Memorandum Opinion remanding this case, "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's [intent]." *Heckman v. Williamson* [*County*], 369 S.W.3d 137, 150 (Tex. 2012).[1]

Because Player has forfeited her complaint due to inadequate briefing, we affirm the trial court's summary judgment.

## I. Background

Player, proceeding pro se, sued Booker in justice court for "false allegations to law enforcement," "harassment," and "[d]efamation of character"[2] arising from an alleged verbal confrontation between Player and Booker during which Player purportedly threatened Booker. Following a bench trial, the justice court entered a take-nothing judgment against Player. Player appealed that judgment, and the case was transferred to the county court at law.

---

[1]While she does not cite the opinion, Player apparently refers to this court's January 2024 opinion in which we (1) reversed an order sustaining Booker's plea to the jurisdiction and dismissing Player's case and (2) remanded the case. *See Player v. Booker*, No. 02-23-00068-CV, 2024 WL 125388, at *1 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op.).

[2]Player filled out the justice court's "Small Claims Petition" form by hand.

The parties did not conduct discovery. Booker, in response to Player's pleadings, filed a no-evidence motion for summary judgment. In her motion, she argued that two of Player's claims—"false allegations to law enforcement" and "harassment"—were not cognizable causes of action and that, regarding Player's defamation claim, there was no evidence that Booker had published a false statement about Player.

In her response to Booker's no-evidence motion, Player attempted to clarify her causes of action: (1) by pleading "false allegations to law enforcement," she was asserting a claim for malicious prosecution and (2) by pleading "harassment," she was asserting a claim for intentional infliction of emotional distress. In support of her response, Player attached two reports from the police department, an affidavit by Player, a record of therapy sessions that Player attended after the alleged confrontation, and a recording of the alleged confrontation.[3]

Booker then filed a motion to strike Player's response to the no-evidence motion "as to the new claims alleged," asserting that Player had raised, for the first time, claims for malicious prosecution and intentional infliction of emotional distress and that the claims were untimely filed and prejudicial. At the same time, Booker filed "Defendant's Motion for Leave to Supplement No[-]Evidence Motion for Summary

---

[3]Notably, no charges were filed against Player. According to one of the police reports, the recording of the alleged confrontation revealed that—contrary to Booker's statement to law enforcement that Player had threatened her—Player "never said she was going to hurt anyone."

Judgment" and "Defendant's Supplement to Her No[-]Evidence Motion for Summary Judgment."

The trial court did not rule on Booker's motion to strike or her motion for leave. Instead, the trial court signed its no-evidence summary judgment the day those motions were filed.

Player subsequently filed a motion for reconsideration. The trial court did not rule on that motion. Player then timely appealed.

## II. Discussion

The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (stating that proper substantive analysis "is not done by merely uttering brief conclusory statements, unsupported by legal citations"). As the reviewing court, we are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). Nor are we required to "become advocates for a particular litigant" by performing our own research and developing argument for that litigant. *Perkins v. Hicks*, No. 02-19-00207-CV, 2020 WL

4

7393334, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.) (quoting *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.)).

An inadequately briefed issue may not preserve error on appeal. Tex. R. App. P. 38.9; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing that error may be waived due to inadequate briefing); *In re P.S.*, 505 S.W.3d 106, 111 (Tex. App.—Fort Worth 2016, no pet.) (overruling pro se appellant's issues for inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (holding that "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal"); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (similar); *Devine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (similar). Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with counsel. *Id.* at 185.

Here, Player filed a brief that did not comply with the appellate rules. *See* Tex. R. App. P. 9.4, 38.1. We notified Player of the brief's noncompliance and requested that she file an amended, compliant brief. We warned her that the failure to do so could result in either the striking of the brief and dismissal of the appeal or the waiver of noncomplying points. Player subsequently filed a "corrected" brief.

Player's brief contains no citations to the record and no legal argument presenting her "issue." *See* Tex. R. App. P. 38.1(f), (i). Throughout the brief, Player refers to "this cause of action" but does not identify the cause of action to which she refers. In her "Statement of the Facts," Player makes the conclusory assertion that "elements (1)" through "(5)" have been met but does not identify the elements. In the "Summary of the Argument" section of her brief, Player argues that

> [Booker's] motion for summary judgment should've been denied because she has failed to state the grounds on which she is seeking summary judgment. Further, there is a genuine issue of material fact concerning the veracity of the evidence presented, the intent behind [Booker's] actions, and the damages caused to [Player], all of which must be resolved through a full trial.

But in the "Argument" section, Player argues that while Booker "made a great deal out of the fact" that the parties did not conduct discovery, "no discovery [was] needed." She then cites two cases discussing the sufficiency of pleadings in Texas but does not explain how these cases—or any other authorities cited in her brief—support her appellate argument. Player otherwise fails to identify any alleged error.

We conclude that Player's appellate issue has been inadequately briefed. Even liberally construing her brief, to reach the merits of this appeal and reverse the trial court's judgment, we would have to "become advocates" for Player by developing for her the argument for her sole issue that "[t]he judge ignored and misinterpreted prior rulings or precedents that should have influenced the judgment." *See Perkins*, 2020 WL 7393334, at *1; *Hall*, 919 S.W.2d at 466–67. Because Player has failed to adequately

brief the issue she purports to raise on appeal, even after being notified of the deficiencies in her appellate brief and being given the opportunity to correct those deficiencies, we hold that the issue has been waived as inadequately briefed. *See Fredonia State Bank*, 881 S.W.2d at 284–85; *P.S.*, 505 S.W.3d at 111; *Huey*, 200 S.W.3d at 854; *WorldPeace*, 183 S.W.3d at 460; *Devine*, 130 S.W.3d at 513–14.

Accordingly, we overrule Player's appellate issue.

## III. Conclusion

Having overruled Player's only issue on appeal, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 3, 2025