

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00331-CV

---

CORNELIUS HUDSON, APPELLANT

V.

NVN, LLC, NAM NGUYEN, JR., AND NAM NGUYEN, SR., APPELLEES

---

On Appeal from the 96th District Court
Tarrant County, Texas[1]
Trial Court No. 096-361624-25, Honorable J. Patrick Gallagher, Presiding

---

May 1, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Cornelius Hudson, appearing pro se, appeals the trial court's entry of a final summary judgment in favor of Appellees, NVN, LLC; Nam Nguyen, Jr.; and Nam Nguyen, Sr. (collectively, "Nguyen"). Because Hudson has failed to comply with Texas

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

Rule of Appellate Procedure 38.1, any issues presented for review have been waived. We affirm the trial court's judgment.

## BACKGROUND

In February of 2025, Hudson sued Nguyen to recover "tenant improvements which cannot be removed when [Hudson] leaves the property." Nguyen answered the suit and filed a counterclaim alleging breach of a lease agreement and damages. Hudson non-suited his claim and Nguyen proceeded with discovery. The trial court granted a summary judgment against Hudson for damages of $16,058.00, and attorney's fees of $7,812.50. Hudson timely filed his appeal.

By his appeal, Hudson presents five issues. By his first issue, he alleges Nguyen failed to conclusively establish entitlement to judgment as a matter of law. Hudson's second issue challenges lack of proper service and notice. By his third issue, Hudson contends that he appeared and participated in the proceedings. Hudson's fourth issue alleges a violation of his due process protections. By his fifth issue, Hudson contends Nguyen failed to conclusively establish Hudson's individual liability.

## ANALYSIS

Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *In re P.S.*, 505 S.W.3d 106, 111 (Tex. App.—Fort Worth 2016, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Pro se parties must comply with the rules requiring adequate briefing and citations to the record. *Id.* (citing *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010)). The failure to

provide citations, argument, and analysis as to an appellate issue may waive the issue. *Id.* In a prior letter, this Court informed Hudson that his brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. We identified deficiencies in the brief, directed Hudson to file a corrected brief, and admonished him that a noncompliant brief could result in waiver of his arguments. *See Davis v. Am. Express Bank, FSB*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived."). Although Hudson filed an amended brief, it too fails to comply with Rule 38.1.

Hudson's briefing, construed liberally, sets out five conclusory statements challenging the summary judgment. However, the brief fails to provide record references or any substantive analysis applying the law to the facts. Consequently, the brief fails to satisfy the requirements of Rule 38.1(i). *See* TEX. R. APP. P. 38.1(i) (appellate brief must contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (merely uttering brief, conclusory statements unsupported by legal citations do not satisfy requirements of Rule 38.1); *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 734–35 (Tex. App.—Dallas 2006, no pet.) (appellate courts have no duty to make independent search of appellate record for evidence to support appellant's contentions).

"When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *Briggs v. Bank of Am., N.A.,* No. 04-16-

3

0087-CV, 2017 Tex. App. LEXIS 1423, at *4 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.); *see also Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal). Therefore, we conclude that Hudson has waived his issues by inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Briggs*, 2017 Tex. App. LEXIS 1423, at *9 (pro se appellant presented nothing for review on appeal where brief was "procedurally and substantively inadequate").

## CONCLUSION

Finding that Hudson has failed to adequately brief the issues he purports to raise on appeal, we hold that the issues have been waived. We affirm the trial court's judgment.


Judy C. Parker
Chief Justice